## Richmond

## BEAR'S ADM'X V. BEAR.

### November 17, 1921.

1. PLEADING—*Grounds of Defense—Time of Amendment—Amendment at Trial.*—In an action of debt on a note defendant pleaded *nil debet,* and when called upon by the plaintiff to state the grounds of his defense under the plea, he stated infancy, and "that the note was without consideration and was not intended to be collected." At the trial the latter defense seems to have been overlooked, and the parties went to trial apparently solely on the statement that the defendant was an infant when the note was given. Pending cross-examination of the first witness offered for defendant, defendant's counsel asked leave to amend his statement of defense so as to say the note sued on was without consideration, which motion was granted over the objection of the plaintiff, and later, the court stated that counsel might add to the ground of defense that the note was without consideration the further words, "and was not intended to be collected." The ruling of the trial court was duly excepted to by the plaintiff, but the bill of exception did not show the ground of exception, nor that any motion was made to defer the trial or grant a continuance.

   *Held:* That the record failed to disclose any prejudicial error to the plaintiff.

2. INFANTS—*Necessaries—Parol Evidence.*—Parol evidence is admissible to show that it was not intended that a note given by an infant for necessaries was even to be paid.

3. INFANTS—*Liability for Necessaries—Actual Value—Statement of Consideration.*—Even in contracts for necessaries, the infant is not bound on the express contract, but on the implied contract to pay what they are reasonably worth. On this subject the fullest investigation is allowed, and, although it is said that an action may be brought on the contract, evidence is receivable as to the actual value of the goods furnished. He is not bound by an express contract to pay for necessaries for any more than their actual value, nor is he bound by a statement in the contract that the consideration thereof was necessaries, when such was not the fact.

4. INFANTS—*Pleading—Withdrawal of Plea of Infancy.*—On examination an infant defendant stated that he knew nothing of the plea of infancy, that personally he would not have filed such a plea, and that he wanted to withdraw the plea. The trial court fully recognized the right of the defendant to withdraw the defense of infancy, and to control the action of his counsel in this respect, but gave him an opportunity to confer with his counsel on the subject so as to act advisedly, and after such conference the infant's counsel, in open court and in his presence, announced that the "plea stays in," and the trial proceeded on this issue.

   *Held:* That there was no error in the action of the trial court.

5. INFANTS—*Necessaries—Instruction on the Weight of Evidence.*— In an action against an infant, one of the pivotal points in the case was whether the board and tuition which plaintiff's intestate had furnished the defendant were necessaries, and whether the defendant was already sufficiently supplied. The court instructed the jury that while a common school education would be recognized in most cases as a necessary expense, yet sending a boy to a distant boarding school, when there was a good public school and high school convenient to his home, could not be so regarded under the evidence in the case.

   *Held:* That the instruction was plainly wrong, that it expressed the opinion of the court on the weight of the evidence, and took away from the jury the determination of an important question of fact.

6. INFANTS—*Necessaries—Questions of Law and Fact.*—It is for the court to determine, as a matter of law, in the first place, whether the things supplied may fall within the general classes of necessaries, and, if so, whether there is sufficient evidence to warrant the jury in finding that they were necessary. If either of these preliminary inquiries be decided in the negative, it is the duty of the court to nonsuit the plaintiff who seeks to recover from the infant. If they be decided in the affirmative, it is then for the jury to determine whether, under all the circumstances, the things furnished were actually necessary to the position and condition of the infant, as well as their reasonable value, and whether the infant was already sufficiently supplied.

7. INFANTS—*Necessaries—Gifts.*—If a mother was able and willing to make her son a gift for his education, and simply yielded to the proposal of the infant's brother to make the gift, then the advancement by the brother was not a necessary.

8. DECLARATIONS AND ADMISSIONS—*Declaration Against Interest.*— Admissions against a party's pecuniary interest are receivable in evidence.

9. INFANTS—*Necessaries—Evidence.*—In an action against an infant, where the question at issue was whether board and tuition supplied the infant were necessaries, there was no error in permitting the defendant to show that neither his father nor mother requested the plaintiff's intestate to send the infant to boarding school.

Error to a judgment of the Circuit Court of Rockingham county in an action of debt. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Edward C. Martz,* for the plaintiff in error.

*E. D. Ott,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

[1] This is an action of debt upon a note for $265.00 executed by the defendant, Eugene F. Bear, to the plaintiff's intestate for board and tuition of the defendant one session at Randolph Macon Academy at Front Royal. The defendant pleaded *nil debet,* and when called upon by the plaintiff to state the grounds of his defense under this plea, he stated infancy, and "that the note was without consideration and was not intended to be collected." There was a trial by jury and a verdict for the defendant which the trial court refused to set aside, and the case is here on a writ of error awarded to the plaintiff.

According to the record the above grounds of defense were stated and the issues made up in September, 1917. Proceedings, however, were stayed because the defendant was in the military service of the United States and the trial was not had until July, 1920. At the trial the defense that "the note was without consideration and was not

29

intended to be collected," seems to have been overlooked, and the parties went to trial apparently solely on the statement that the defendant was an infant when the note was given. The mother of the defendant and of the plaintiff's intestate was the first witness offered for the defendant, and pending her cross-examination, defendant's counsel asked leave "to amend his statement of defense so as to say the note sued on was without consideration," which motion was granted over the objection of the plaintiff, "and later, during the redirect examination of said witness, the court stated to counsel for defendant that he might add to the ground of defense, that the note was without consideration the further words 'and was not intended to be collected,' the defendant having previously both before the commencement of the trial and during the trial, offered as a ground of defense the statement that the note was not intended to be collected and the court * * * having excluded the same as an independent defense," but subsequently permitted it. The ruling of the trial court permitting the amendment was duly excepted to by the plaintiff, but the bill of exception does not show the ground of exception, nor that any motion was made to defer the trial or grant a continuance. The record fails to disclose any error prejudicial to the plaintiff. See Code, sec. 6104.

[2, 3] The further objection is made that to permit the defendant to show that the note was not to be paid is "in the teeth of the defendant's written promise to pay," and hence forbidden by the parol evidence rule. If this rule applied to the contracts of infants, the defense of infancy would be of little avail to infants dealing with the crafty. Even in contracts for necessaries, the infant is not bound on the express contract but on the implied contract to pay what they are reasonably worth. On this subject the fullest investigation is allowed and although it is said that an action may be brought on the contract, evidence is receivable as to

the actual value of the goods furnished. 14 R. C. L. 254, sec. 33; 18 Am. St. Rep. 643. He is not bound by an express contract to pay for necessaries any more than their actual value, nor is he bound by a statement in the contract that the consideration thereof was for necessaries, when such was not the fact.

The defendant was eighteen years of age when the note was executed, and twenty-six at the trial. He was examined as a witness in his own behalf, and on cross-examination he stated that he was not relying on the defense of infancy and knew nothing about the plea being filed. He was then asked the following questions: (1) "You personally would not have filed any such plea?" and (2) "Do you want to withdraw the plea of infancy in this case?" Answers to these questions were excluded on motion of his counsel, and the plaintiff excepted. The bills of exception show that the answer to question one was "that he would not have filed such plea," and to question two was "that he wanted to withdraw the plea of infancy." The trial judge seems to have been satisfied that the witness did not understand the meaning and effect of withdrawing the defense of infancy; that he meant to insist that the amount advanced was a gift and not a loan, and that payment was never to be enforced, but did not understand that the withdrawal of the defense of infancy would cut him off from making this defense. Hence the following colloquy between the court and the witness:

"The Court: Your counsel has put in this case a plea that this transaction is not binding and should not be enforced because you were under age when it was given. Do you want to put that plea out of the case and abandon it?

"Witness: I do not thoroughly understand this.

"The Court: Do you stand by the action of your counsel as to your case here and to manage it for you?

"A. Yes, sir.

"The Court: He is authorized to act for you and put in any defense that he thinks proper?

"Witness: Yes, sir."

The trial court was of opinion that the defendant had the right to withdraw his defense of infancy, if he so desired, but that this right should be exercised understandingly and in the regular way and not by cross-examination when the witness could not consult his counsel and have the subject fully explained to him, and hence determined to give him this opportunity. This phase of the case is presented in the record as follows:

"The Court: The jury may disregard that statement of the witness, that he did not rely on the plea of infancy. As a matter of fact that plea has been filed here, but if he wants to withdraw it and instructs the court to withdraw it from the case, the court will allow it to be stricken out. Until he does that the court will not.

"X. Do you want to withdraw the plea of infancy in this case?

"The Court (to the defendant): You may retire with your counsel and see whether you want to continue your case or to abandon it, after you have conferred with him.

"Memo: The defendant leaves the witness stand and, in company with his counsel, mother and brother, Warfield, retired to the judge's room, and in a few minutes returned into court.

"The Court: Is the plea to go out or to stay in, Mr. Ott?

"Mr. Ott: The plea stays in.

"The Court: Yes, sir." (Mr. Ott was counsel. for the plaintiff.)

The witness was then told to stand aside. The foregoing action of the trial court is excepted to on the ground that

the plea of infancy is personal to the defendant, and that the court had refused to permit the defendant to withdraw his defense of infancy, although he desired to do so.

[4] The court fully recognized the right of the defendant to withdraw the defense of infancy, and to control the action of his counsel in this respect, but simply gave him the opportunity to confer with his counsel on the subject so as to act advisedly, and after such conference his counsel, in open court and in his presence, announced that the "plea stays in," and the trial proceeded on this issue.

[5, 6] There was no error in this action of the trial court.

One of the pivotal points in the case was whether the board and tuition which the plaintiff's intestate had furnished the defendant, were necessaries, and whether the defendant was already sufficiently supplied. Much evidence on this subject was introduced by the defendant, and there was ample room for different conclusions to be drawn therefrom by reasonable men. Under these circumstances the court gave to the jury, on the motion of the defendant, and over the objection of the plaintiff, the following instruction:

"The court instructs the jury that, generally speaking, a minor is not liable on his contracts. This rule is subject to the exception that he is personally liable for a debt created for necessaries, but that which the expense of a common school education would be recognized in most cases as a necessary expense, yet *the sending of a boy to a distant academy, or boarding school, when there was a good public school and high school convenient to his home, could not be so regarded under the evidence in this case;* and, therefore, if the jury believe from the evidence that the note in suit was given for money laid out or expended by John D. Bear in sending the defendant to the Randolph Macon Academy, a boarding school * at Front Royal, the *Elkton graded and high school being convenient to his home, they cannot consider such expenditure by John D. Bear as one made for necessaries, and they must find for the defendant.*"

This instruction is plainly wrong. It expresses the opinion of the court on the weight of the evidence, and took away from the jury the consideration and determination of an important question of fact upon which different conclusions might have been reached by reasonable men upon the evidence adduced. *Norfolk & W. R. Co.* v. *Poole,* 100 Va. 148; 40 S. E. 627; Burks' Pl. & Pr. (2nd ed.), sec. 256, 264, and cases cited. We have italicized the objectionable part of the instruction. The law on this subject is well expressed in a note in 18 Am. St. Rep., at p. 652, as follows:

"The province of the court and of the jury in solving the question of necessaries involves a proposition of considerable nicety, and one which is not always as clearly and definitely stated as it might be. The rule, having regard particularly to the latest cases, seems to be this: It is for the court to determine, as a matter of law, in the first place, whether the things supplied may fall within the general classes of necessaries, and if so, whether there is sufficient evidence to warrant the jury in finding that they were necessary. If either of these preliminary inquiries be decided in the negative, it is the duty of the court to nonsuit the plaintiff who seeks to recover from the infant. If they be decided in the affirmative, it is then for the jury to determine whether, under all the circumstances, the things furnished were actually necessary to the position and condition of the infant, as well as their reasonable value, and whether the infant was already sufficiently supplied."

The statement of the note is abundantly supported by authority, both English and American, and also commends itself to our judgment as a correct statement of the law. Under the instruction given, the jury was left no discretion in the matter, but were obliged to find a verdict for the defendant.

[7, 8] The trial court committed no error in refusing the instructions tendered by the plaintiff. It would not be of

future value to quote them in full, but they will be referred to by number for guidance of counsel and the court upon another trial, if one should be had.   Instruction No. 1 is broader than is warranted by the statute, Code sec. 6209. Instruction No. 2 leaves out of consideration the question of "necessaries," which was an essential element of the defendant's liability on the note.   Instruction No. 3 is not a correct statement of the law.   If the payment by the plaintiff's intestate was to be a gift by him to the defendant, then it was not necessary for his mother to make the gift. If she was able and willing to make the gift, and simply yielded to the proposal of the plaintiff's intestate to make the gift, then the advancement by him was not a necessary. Instruction No. 4 is not a correct statement of the law.   If the jury believed the statements attributed to the plaintiff's intestate, they were admissions against his pecuniary interest and receivable as such.

[9] There was no error in permitting the defendant to show that neither his father nor mother requested the plaintiff's intestate to send the defendant to Randolph Macon Academy.

For the error in defendant's instruction hereinbefore discussed, the judgment of the trial court will be reversed, the verdict of the jury set aside, and the case remanded for a new trial, not in conflict with the views hereinbefore expressed.

*Reversed.*